# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **In re Marriage of:** | ) |
| | ) |
| **HAROLD STANLEY,** | ) |
| | ) |
| **Plaintiff.** | ) |
| | ) |
| v. | ) Case No. 05-281-CV-W-GAF |
| | ) |
| **MARCIA E. STANLEY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Presently before the Court is a Motion to Dismiss filed by the Defendant, Marcia E. Stanley. (Doc. # 4). The Defendant alleges that this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Id. The Plaintiff, Harold Stanley, who is proceeding pro se, opposes this Motion arguing that the Constitutional violations he asserts in his "removal complaint" confers subject matter jurisdiction on this Court pursuant to 28 U.S.C. § 1331. (Doc. #6). Because the Court does not have original subject matter jurisdiction over the state court action filed by Marcia Stanley which Harold Stanley purports to remove, the Motion to Dismiss is GRANTED.

## DISCUSSION

**I.   Facts**

On August 8, 1996, Harold Stanley filed a Petition for dissolution of his marriage to Marcia Stanley in the 16th Judicial Circuit Court of Jackson County, Missouri, Case Number 16DR96-08993. (Doc. #4). Harold and Marcia Stanley's marriage was subsequently dissolved by Order of the court. Id. Harold

1

Stanley failed to comply with the terms of the dissolution, prompting Marcia Stanley to file at least two motions for civil contempt in the 16th Judicial Circuit Court of Jackson County, Missouri, Case Numbers 16DR-08993-02, and -04. Id. Case Number 16 DR-08993-02 was initiated by Marcia Stanley on January 5, 2004 and Harold Stanley was personally served with a summons on February 6, 2004. Case Number 16DR-08993-04 was initiated by Marcia Stanley on February 17, 2005 and Harold Stanley was personally served with a summons on February 25, 2005. No federal claims were asserted in either the original Petition for dissolution of marriage or the subsequent motions for civil contempt. (Doc. #4).

On March 24, 2005, Harold Stanley filed a "removal complaint" purporting to remove these civil contempt proceedings, Case Numbers 16DR96-08993-02 and -04, to federal district court. (Doc. #1, Attach. 1). In his "removal complaint," Harold Stanley claims that the Missouri Dissolution of Marriage Maintenance Provisions (Mo. Rev. Stat. § 452.335 et al.) violate the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution because they infringe upon his "personal decisions relating to marriage" and his "fundamental right to privacy to dissolve his marriage." (Doc. #1). Harold Stanley further alleges that the Missouri alimony statute functions "as state imposed legal coercion to effect involuntary servitude" and, therefore, violates the Thirteenth Amendment of the U.S. Constitution because it "denies him his property rights and permanently enslaves him to labor for the benefit of his former spouse." Id.

Harold Stanley claims that his assertion of various Constitutional violations raises a federal question and, therefore, confers subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. (Doc. #6). Marcia Stanley contends original subject matter jurisdiction premised on 28 U.S.C. § 1331 does not

2

exist over the removed action because there were no federal questions raised in Case Numbers 16DR-08993-02, and -04. (Doc. #4).

**II.     Standard and Legal Analysis**

An action may be removed by a defendant where the case falls within the original subject matter jurisdiction of the federal district courts. 28 U.S.C. § 1441(a). District courts have original subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The removing party bears the burden of establishing federal subject matter jurisdiction. Green v. Ameritrade, Inc., 279 F.3d 590, 595 (8th Cir. 2002).

In analyzing the propriety of removal, the Court must begin by applying the "well-pleaded complaint rule" which provides:

> Whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance or defenses which it is thought the defendant may interpose.

Taylor v. Anderson, 234 U.S. 74, 75-76 (1914). The well-pleaded complaint rule makes the plaintiff "the master of the claim and he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).[1] Accordingly, where the face of the complaint does not invoke or establish federal court jurisdiction, a defendant is not entitled to remove a case to federal

---

[1] *See* The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913) ("The party who brings a suit is master to decide what law he will rely upon."); Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 809, n. 6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); Great North R. Co. v. Alexander, 246 U.S. 276, 282 (1918) ("The plaintiff may by the allegations of his complaint determine the status with respect to removability of a case.").

3

court on the basis of a counterclaim over which the federal court has jurisdiction. McClymonds v. Brandle, 171 F.Supp. 457, 457-58 (E.D. Mo. 1959).

Here, Harold Stanley asserts that the Constitutional violations he asserts in his "removal complaint" are sufficient to confer original subject matter jurisdiction over the civil contempt proceedings filed by Marcia Stanley in the 16th Judicial Circuit Court of Jackson County, Missouri. However, upon application of the well-pleaded complaint rule, this Court finds that it does not have original subject matter jurisdiction over Marcia Stanley's civil contempt proceedings because no federal question was raised in either Case Number 16DR-08993-02 or 16DR-08993-04. Accordingly, removal is not proper.

In addition to removal being improper, the Court does not have subject matter jurisdiction to hear the claims asserted in Harold Stanley's "removal complaint." Harold Stanley has asserted these Constitutional claims in response to the civil contempt proceedings filed by Marcia Stanley. Marcia Stanley's civil contempt proceedings, Case Number 16DR-08993-02 and -04, arise out of Harold Stanley's failure to comply with the terms of the Order dissolving the couple's marriage. The domestic relations exception, first articulated in Barber v. Barber, 62 U.S. (1 How. 582, 584 (1859), divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody. Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) *citing* Ankenbrandt v. Richards, 504 U.S. 689 (1992). Furthermore, even where a cause of action "closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." Id. The subject of the present case is the order dissolving Harold and Marcia Stanley's marriage. Accordingly, this Court does not have subject matter jurisdiction over this action.

## CONCLUSION

4

Removal is improper in this case because this Court does not have original subject matter jurisdiction over Marcia Stanley's actions for civil contempt. Furthermore, the domestic relations exception completely divests this Court of jurisdiction over any action where the dispute concerns a marriage dissolution or "closely relates" to a marriage dissolution. Accordingly, the claims asserted in Harold Stanley's "removal complaint" must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: October 25, 2005